

U.S. Department of Justice

United States Attorney
Eastern District of New York

TM:MW
F.#2013R01154

271 Cadman Plaza East
Brooklyn, New York 11201

March 3, 2015

By Hand and ECF

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    U.S. v. Araceli Navarrete-Castro, 14-CR-105 (S-1) (MKB)

Dear Judge Brodie:

       The government respectfully submits this letter in advance of sentencing in this case, which is scheduled for March 6, 2015, at 10:30 a.m. On August 21, 2014, the defendant pled guilty before Magistrate Judge Robert M. Levy to Count Five of a six-count indictment, charging conspiracy to transport and move illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i). The government respectfully requests that the Court impose a Guidelines range sentence between 12 and 18 months' imprisonment.

I.      Background

       The defendant was born in Mexico in 1992.[1] She was brought to the United States as a minor and began working in prostitution before her 18th birthday. While living in the United States, the defendant frequently used the name "Norma." (Presentence Investigation Report ("PSR") ¶ 16). As detailed in the PSR, the defendant, along with brothers Jorge Estrada-Tepal, Ricardo Estrada-Tepal and Victor Leonel Estrada-Tepal

---

[1] The PSR and March 2, 2015 Addendum to the PSR ("PSR Addendum") identify the defendant's birth year as 1989. (PSR at 2; PSR Addendum at 2). While the defendant provided 1989 as her birth year at the time of her arrest, following an MLAT request, the government received an official copy of the defendant's birth certificate from Mexico that identifies 1992 as her birth year. Further, the government maintains that the "unspecified Mexican document" (PSR Addendum at 2) that was provided by the defendant as identification at the time of her arrest, and that lists 1989 as her birth year, is a false identification document.

(collectively, the "Estrada-Tepal Trafficking Organization"), the defendant conspired to transport illegal aliens from Mexico to the United States. (PSR ¶ 1). Between 2007 and January 2014, the defendant lived in Queens, New York, along with a number of other illegal aliens, including, but not limited to, Victor Leonel Estrada-Tepal, Ricardo Estrada-Tepal and various victims of the Estrada-Tepal Trafficking Organization. (PSR ¶ 5). The defendant instructed sex trafficking victims on how to work in prostitution and how much to charge and provided victims with contact information for drivers, who would take the victims to the homes of prostitution clients to perform commercial sex services. (PSR ¶¶ 5, 13).

II.     Applicable Guidelines

The Guidelines calculation in the PSR differs from that in the plea agreement in two significant respects. First, the Probation Department applied Guideline § 3A1.1(b) for vulnerable victims to the defendant. However, there is no evidence that the defendant was involved in the selection or targeting of the victims in this case. As a result, the victims' potential status as vulnerable victims was not foreseeable to the defendant. The government therefore submits that the two level vulnerable victim enhancement does not apply. Second, the Probation Department applied Guideline § 2L1.1(b)(2)(A) for aliens detained through coercion or threat, or in connection with a demand for payment. The government submits that this enhancement does not apply to the defendant because the victims have not identified the defendant as someone who demanded payment from them or who was otherwise responsible for detaining them upon arrival in the United States. Accordingly, the government respectfully submits that these enhancements do not apply to the defendant and that the Guidelines calculation contained in the plea agreement is accurate.[2]

The government calculates the defendant's Guidelines as follows:

| | |
|---|---|
| Base Offense Level (§ 2L1.1(a)(3)) | 12 |
| Plus: Conspiracy to transport 6-24 Aliens (§ 2L1.1(b)(2)(A)) | +3 |
| Less: Acceptance of Responsibility (§ 3E1.1) | -2 |
| Adjusted Offense Level: | 13 |

Based on a criminal history category of I (PSR ¶ 40), the Guidelines' range of imprisonment for an offense level of 13 is 12 to 18 months.

---

[2] The government disputes the defendant's reported income from Herbalife, Inc. (PSR ¶ 59). Probation was unable to resolve this dispute. (See PSR Addendum at 2-3). However, the government respectfully submits that resolution of this dispute is not necessary for a full evaluation of the relevant sentencing factors under 18 U.S.C. § 3553(a).

2

III.        Legal Standard

In the Supreme Court's opinion in United States v. Booker, 543 U.S. 220, 245 (2005), which held that the Guidelines are advisory not mandatory, the Court made clear that district courts are still "require[d] . . . to consider Guidelines ranges" in determining a sentence, but also may tailor the sentence in light of other statutory concerns. See 18 U.S.C. § 3553(a).  Subsequent to Booker, the Second Circuit held that "sentencing judges remain under a duty with respect to the Guidelines . . . to 'consider' them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005).

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court elucidated the proper procedure and order of consideration for sentencing courts to follow: "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall, 552 U.S. at 49 (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, the Court may not presume that the Guidelines range is reasonable.  It must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

IV.        Argument

The defendant was brought to the United States as a minor and began working in prostitution at that time.  She continued working in prostitution until her arrest in January 2014.  During that time, she harbored illegal aliens and instructed victims of the Estrada-Tepal Trafficking Organization on how to work as prostitutes.  A sentence within the Guidelines range would reflect the seriousness of the defendant's conduct and would provide adequate deterrence to others contemplating similar acts, while also accounting for the defendant's personal background and circumstances. See 18 U.S.C. §§ 3553(a)(1),(a)(2)(A), 3553(a)(2)(B), and (a)(2)(C).  Accordingly, the government respectfully submits that a sentence within the Guidelines ranges of 12 to 18 months' imprisonment is sufficient, but not greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553(a).

V. <u>Conclusion</u>

   For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the Guidelines range estimated in the parties' plea agreement.

              Respectfully submitted,

              LORETTA E. LYNCH
              United States Attorney

           By: <u>/s/ Taryn A. Merkl & Melody Wells</u>
              Taryn A. Merkl
              Assistant U.S. Attorneys
              (718) 254-6064/6422

cc: Michelle Gelernt, Esq. (via ECF)
   John Lanigan, U.S. Probation (via email)